[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10361

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHAUNTAY CRAIG,
a.k.a. Shake,
a.k.a. Shakey,
a.k.a. Shake G,
a.k.a. Big Bro,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:16-cr-00145-TWT-JKL-1

———————————

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Shauntay Craig appeals his conviction and sentence after pleading guilty to a racketeering conspiracy, in violation of 18 U.S.C. section 1962(d). Craig argues for the first time on appeal that he did not knowingly and voluntarily plead guilty. Finding no plain error, we affirm.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Craig was charged in a second superseding indictment with conspiracy to commit racketeering activity involving murder and drug trafficking arising from his role as a high-ranking member of a violent street gang. After plea negotiations between the government and Craig's attorney for a thirty-one-year sentence recommendation failed, Craig agreed to plead guilty to the racketeering conspiracy and waive his right to appeal his conviction and sentence in exchange for a joint recommendation of a forty-year sentence. Craig and his attorney both signed the plea agreement.

The plea agreement included an appeal waiver provision. Craig agreed that,

> [t]o the maximum extent permitted by federal law, [he] voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. [section] 2255) on any ground. Claims that [his] counsel rendered constitutionally ineffective assistance [were] excepted from this waiver. [Craig] underst[ood] that this Plea Agreement d[id] not limit the Government's right to appeal, but if the Government initiate[d] a direct appeal of the sentence imposed, [he] may file a cross-appeal of that same sentence.

Craig also "underst[ood] that, based on his plea of guilty, he w[ould] be subject to . . . [f]orfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense." Craig "agree[d] to the administrative or judicial forfeiture or the abandonment of any seized property" and "agree[d] to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a [s]ection 2255 petition, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of any property seized in this case . . . on any grounds." And he "acknowledge[d] that he [was] not

entitled to use forfeited assets to satisfy . . . any other penalty the Court may impose upon [him] in addition to forfeiture."

Craig also signed a separate statement attached to the plea agreement, affirming that he "ha[d] carefully reviewed every part of [the plea agreement] with [his] attorney," "underst[ood] the terms and conditions contained in the Plea Agreement, and [he] voluntarily agree[d] to them," that he "h[ad] discussed with [his] attorney the rights [he] may have to appeal or challenge [his] conviction and sentence, and [he] underst[ood] that the appeal waiver contained in the Plea Agreement w[ould] prevent [him], with the narrow exceptions stated, from appealing [his] conviction and sentence or challenging [his] conviction and sentence in any post-conviction proceeding." Craig agreed that "[t]he discussions between [his] attorney and the Government toward reaching a negotiated plea in this case took place with [his] permission" and that he was "fully satisfied with the representation provided to [him] by [his] attorney in this case." Craig's attorney also signed a separate statement attached to the plea agreement, affirming that, "[t]o [her] knowledge, [her] client [was] making an informed and voluntary decision to plead guilty and enter into the Plea Agreement."

After the plea agreement was signed, the district court held a change of plea hearing and put Craig under oath. Craig testified that no one had: "threatened or forced [him] to plead guilty"; "told [him] that if [he] did not plead guilty, further charges w[ould] be brought against [him] or other adverse action w[ould] be taken against [him]"; or "made any promise to [him] other than the Plea

Agreement that caused [him] to plead guilty." Craig's attorneys also confirmed that Craig's guilty plea was not because of any improper promises or inducements. Craig and his attorneys both said that Craig "had sufficient time to think about and discuss" his guilty plea with his attorneys before the change of plea hearing.

At the district court's instruction, the government summarized the plea agreement's terms. As part of its summary, the government explained that forfeiture "would be due and payable immediately" and read the appeal waiver provision. The district court then asked Craig whether he agreed with the government's description of the plea agreement. Craig answered "yes." The district court also asked whether Craig "underst[ood] that as part of [his] Plea Agreement with the Government, [he was] giving up [his] right to appeal [his] sentence" unless an exception applied. Craig answered "yes." And Craig confirmed that he was "giving up [his] right to appeal [his] sentence freely and voluntarily."

Also at the district court's instruction, the government explained the maximum penalties that could be imposed and explained that forfeiture would be a component of Craig's sentence. In addition, the district court stated that it could "order forfeiture of any proceeds from the offense" as part of Craig's sentence. Craig agreed that he understood his potential sentence.

At the conclusion of the change of plea hearing, the district court found that Craig's guilty plea was "free of any coercive influence of any kind" and "voluntarily made with full knowledge of the charges against him and the consequences of his plea of guilty."

The district court accepted and entered Craig's guilty plea. The district court sentenced Craig to forty years' imprisonment, which was consistent with the parties' joint sentence recommendation in the plea agreement.

## II.    STANDARD OF REVIEW

Because Craig did not challenge his guilty plea in the district court, we may vacate his plea only if we conclude that the district court plainly erred in accepting it. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "To establish plain error, a defendant must show there is (1) error, (2) that it is plain, and (3) that affects substantial rights." *Id.* An error is plain if it is obvious and clear under current law. *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999). In the plea context, an error affects a defendant's substantial rights if there is "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009) (quotation marks omitted). Even if a defendant carries his burden to establish that plain error affected his substantial rights, we may not remedy that error unless the defendant demonstrates that it "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* at 1346 (quotation marks omitted); *see also United States v. Monroe*, 353 F.3d 1346, 1349–50 (11th Cir. 2003) ("Under plain-error review, the silent defendant has the burden to show the error plain, prejudicial, and disreputable to the judicial system." (internal quotation marks omitted)).

## III.    DISCUSSION

Craig contends that he did not enter the plea agreement knowingly and voluntarily because he was coerced into signing the plea agreement and because the district court violated Federal Rule of Criminal Procedure 11 by failing to ensure that Craig understood that the appeal waiver provision extended to his conviction and to the forfeiture part of his sentence.

A guilty plea "involves the relinquishment of several constitutional rights and privileges" and must therefore "be entered voluntarily and knowingly." *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018). Rule 11(b) sets out procedures that a district court must follow when accepting a guilty plea. *Id.* "These procedures are designed to address the three 'core objectives' necessary for a knowing and voluntary guilty plea: (1) that the defendant enters his plea free from coercion, (2) that he understands the nature of the charges, and (3) that he understands the consequences of his plea." *Id.* Craig argues that his change of plea didn't meet the first and third core objectives of rule 11: that his plea was coerced and that he didn't understand the consequences of his appeal waiver.

The district court complied with rule 11's core objectives. Craig confirmed under oath during the plea colloquy that no one had threated or forced him to plead guilty, that no one had told him that he would face further charges or other adverse action if he did not plead guilty, and that no one had made any promise to

him other than the plea agreement that caused him to plead guilty. Craig also confirmed that he agreed with the government's description of the plea agreement's terms and that he was voluntarily giving up his right to appeal his sentence. We presume that Craig's sworn statements were true unless he offers evidence sufficient to rebut the "strong presumption." *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true."). He has not done so.

Craig argues that he did not knowingly and voluntarily plead guilty because of: (1) the "pressure" he was under "after the failed plea negotiations which caused him to lose a plea of [thirty-one] years"; (2) the "rift in the relationship with his attorneys" caused by the failed plea negotiations; and (3) the district court's failure to specifically question him about the waiver of his right to appeal his conviction and to appeal the forfeiture part of his sentence. But, first, the fact that Craig felt "pressure" in the face of a longer prison sentence than he had initially hoped to obtain through negotiations with the government does not mean that he unknowingly and involuntarily pleaded guilty. Aside from Craig's conclusory assertion that he was "treated unfairly in the plea bargain," there is no evidence that his guilty plea resulted from anything other than his desire to avoid the risk of conviction at trial. As we have explained, "[a]ll pleas of guilty are the result of some pressure or influences on the mind of the defendant," *United States*

*v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988), but that doesn't make the plea coercive.

Second, the record does not support Craig's argument that a "rift" with his attorneys rendered his guilty plea unknowing and involuntary. In his signed statement attached to the plea agreement, Craig averred that his attorney's negotiations with the government took place with his permission and that he was "fully satisfied with the representation provided to [him] by [his] attorney in this case." During the plea colloquy, Craig confirmed that he had sufficient time to think about and discuss the plea agreement with his attorney before entering his guilty plea.

And third, it is "manifestly clear from the record" that Craig waived his right to appeal his conviction and the forfeiture judgment (subject to limited exceptions not applicable here). *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) ("The government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [r]ule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."). In the plea agreement, Craig "voluntarily and expressly waive[d] the right to appeal *his conviction* and sentence." In his signed statement attached to the plea agreement, Craig affirmed that he "discussed with [his] attorney the rights [he] may have to appeal or challenge [his] *conviction* and sentence," and "underst[ood] that the appeal waiver contained in the Plea Agreement w[ould] prevent [him], with the narrow exceptions

stated, from appealing [his] *conviction* and sentence or challenging [his] *conviction* and sentence in any post-conviction proceeding." During the change of plea hearing, the government read the appeal waiver provision—including that Craig "voluntarily and expressly waive[d] the right to appeal *his conviction*"—and Craig agreed with the government's description of the plea agreement. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("[T]he waiver provision was referenced during Weaver's [r]ule 11 plea colloquy and Weaver agreed that she understood the provision and that she entered into it freely and voluntarily. Thus, her waiver is valid.").

As to the forfeiture judgment, Craig agreed in the plea agreement that he "underst[ood] that, based on his plea of guilty, he w[ould] be subject to . . . [f]orfeiture," "agree[d] to waive any and all constitutional, statutory, and equitable challenges in any manner . . . to . . . forfeiture . . . of any property seized in this case . . . on any grounds," and "acknowledge[d] that he [was] not entitled to use forfeited assets to satisfy . . . any *other penalty* the Court may impose upon [him] *in addition to forfeiture*." In his signed statement, Craig declared that he had "carefully reviewed every part of [the plea agreement] with [his] attorney" and "underst[ood] the terms and conditions." And during the change of plea hearing, the government explained that forfeiture "would be due and payable immediately" as part of Craig's sentence and Craig agreed that he understood that his potential sentence could include "forfeiture of any proceeds from the offense" and that he was "giving up [his]

right to appeal [his] sentence." In other words, Craig understood that he waived the right to appeal his sentence, and he understood that his sentence included forfeiture of the proceeds of his murder-and-drug-trafficking racketeering conspiracy. *See United States v. Bane*, 948 F.3d 1290, 1295 (11th Cir. 2020) (explaining that forfeiture is "an element of the *sentence* imposed" (quotation marks omitted)).

In sum, the district court complied with the core objectives of rule 11 in accepting Craig's guilty plea and appeal waiver. There was no plain error. Thus, we affirm Craig's conviction and sentence.

**AFFIRMED.**